UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VICTORIYA BLACKHALL**, individually,<br><br>Plaintiff,<br><br>v.<br><br>ACCESS GROUP; THE KENTUCKY HIGHER EDUCATION STUDENT LOAN CORPORATION, (a/k/a "THE STUDENT LOAN PEOPLE"); and PNC FINANCIAL SERVICES GROUP, INC.,<br><br>Defendants. | Civil Action No. 2:10-00508<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

<u>**WILLIAM J. MARTINI, U.S.D.J.**</u>:

  This matter comes before the Court on Defendants Access Group, The Kentucky Higher Education Student Loan Corporation, and PNC Financial Services Group, Inc.'s motions to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Defendants' motions are **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

  Plaintiff Victoriya Blackhall's complaint arises out of loan agreements with Defendants for loans she took out to fund her law school education. Between 1998 and

2001, Plaintiff Blackhall, an New Jersey resident, entered into seven private loans ("the Loans") with Defendant Access Group, Inc. ("Access Group") for her law school education and bar examination. (Compl. ¶ 19.) The Loans had variable interest rates which were adjusted periodically. (Compl. ¶ 22.) Plaintiff asserts that the promissory notes that she signed contained a standard repayment method of amortizing the loans through monthly payments. (Compl. ¶ 24-28.) In 2003, prior to the start of the Repayment Period, plaintiff received a letter ("the March 2003 Letter") from the defendants requesting that she select one of three repayment plans. (Compl. ¶ 29-30.) Plaintiff chose Easy Pay 3 Step, which consists of two years of interest only payments, three years of partial interest-partial principal payments, and finally equal payments of interest and principal for the duration of the loan. (Compl. ¶ 33.)

Plaintiff claims that Defendants instituted a "Frozen Interest Rate Policy" to calculate her monthly payments. (Compl. ¶ 37.) Using the variable rate on the first day of the payment period, Defendants calculated the monthly payments for the duration of the two to three year payment period. (Compl. ¶ 36-40.) Defendants, however, still made quarterly adjustments to the actual interest charged on the Loans. *Id.* This policy was used to calculate Plaintiff's payments for both the interest only period and partial interest-partial principal period. (Compl. ¶ 37, 35.)

As a result of this policy, Plaintiff made the same monthly payments for the duration of each payment period despite multiple upward adjustments to the actual

interest rate. (Compl. ¶ 45.) This caused Plaintiff to incur almost $10,000 in unpaid interest. *Id.* Plaintiff asserts that she received no notice or disclosure about the payment plan or the interest rates. (Compl. ¶ 41.)

In May 2008, after the beginning of the Final Payment Period, Plaintiff received a letter ("the May 2008 Letter") notifying her that her loans had been reevaluated and her payments would be increased as a result of her balance of unpaid interest. (Compl. ¶ 49-50.) Plaintiff contends that it was not until receipt of the May 2008 Letter that she became aware of her balance of unpaid interest, contacted the defendants and subsequently filed this suit. (Compl. ¶ 60.) Defendants Access Group, PNC Financial Services Group, Inc. ("PNC"), and Kentucky Higher Education Student Loan Corporation ("KHESLC") then filed motions to dismiss.[1]

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if,

---

[1] The Court notes that Defendants moved to dismiss at three different times. *See* Docket Nos. 8, 16, 29. This was due to differing times of effective service of process, with KHESLC never receiving service. (KHESLC's Cert. of Counsel ¶ 1.) Each motion has been fully briefed with the exception of KHESLC's motion, as KHESLC has not had a chance to reply to Plaintiff's opposition. However, since this Court is dismissing the action, a response by KHESLC is not necessary.

accepting all of the facts alleged in the complaint as true,[2] the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Furthermore, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility..." *Iqbal*, 129 S.Ct. at 1949 (2009).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the

---

[2] This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

### III. DISCUSSION

Plaintiff's ten-count complaint asserts the following causes of action: (1) violation of the Truth in Lending Act (TILA); (2) violation of the Fair Debt Collection Practices Act (FDCPA); (3) Breach of Contract for placing Plaintiff in a different repayment plan; (4) Breach of Contract for failing to administer Plaintiff's loans consistent with the new repayment plan; (5) violation of the New Jersey Consumer Fraud Act; (6) Conversion; (7) Unjust Enrichment; (8) Fraud; (9) Civil Conspiracy; and (10) Punitive Damages. Plaintiff concedes that her FDCPA claim may be dismissed as she cannot show that Defendants are "debt collectors" as defined under the statute. All other claims are dismissed for the reasons set forth below.

#### A. Choice of Law

The original promissory notes for the Loans include a provision stating that Ohio law governs the provisions of the loan agreement. (Compl., Ex. B § N.4.) Plaintiff argues that the original promissory notes are no longer in force, rendering the Ohio law provision inapplicable. She instead requests that New Jersey law be applied since she is currently a New Jersey resident. However, since the underlying issues have no ties to New Jersey

5

and Plaintiff's residency at all relevant times was in New York, Defendants argue that if the Ohio law provision is not enforced, New York law should be applied.

The Ohio law provision provided for in the promissory notes appears valid, and likely applies.³ However, under New Jersey law,⁴ there is no need to decide on the choice of law issue in the absence of a conflict between the law of the respective states, to be determined on an "issue-by-issue basis." *Id.* (citing *Gantes v. Kason Corp.*, 679 A.2d 106, 109 (N.J. 1996)). Therefore, this Court will address the laws of Ohio, New York and New Jersey in analyzing each of Plaintiff's state law claims below, and will only address the choice-of-law issue in the face of a conflict between the various laws regarding any particular cause of action.

**B.   Truth in Lending Act**

In Count One, Plaintiff claims that Defendants violated the Truth in Lending Act ("TILA") by advertising false and misleading credit terms and by failing to make required

---

³ Contractual choice-of-law provisions are applied unless either (a) the chosen state has no substantial relationship to the parties or the transaction, or (b) application of the law chosen would be contrary to a fundamental policy of a state with a materially greater interest in the particular issue. *Homa v. American Express Co.*, 558 F.3d 225, 227-28 (3d Cir. 2009); *see also North Bergen Rex Transport, Inc. v. Trailer Leasing Co.*, 730 A.2d 843, 847-48 (N.J. 1999). Here, Ohio has a relationship to the Loans as the original lender, National City Bank (now PNC Bank), was located in Cleveland, Ohio. (Compl., Ex. B.) Additionally, no state has a materially greater interest in the issue; Plaintiff only recently relocated to New Jersey and has made no argument that New York, her place of residence during the relevant time period, should apply. Since neither of the two exceptions apply, Ohio law should govern the Loans.

⁴ Because the action was brought in New Jersey, New Jersey's choice-of-law principles determine which law applies to the state law claims. *Gantes v. Kason Corp.*, 679 A.2d 106, 109 (1996).

disclosures in the March 2003 Letter, subsequent monthly statements, and the May 2008 Letter.  Under TILA, a claim must be brought within one year from the date of the occurrence of the violation.[5]  15 U.S.C. § 1640(e).  The Third Circuit has held that in the case of a loan, the date of the TILA violation is when the loan contract is executed.  *Bartholomew v. Northampton Nat'l Bank of Easton*, 584 F.2d 1288, 1296 (3d. Cir. 1978); *see also Marangos v. Swett,* No. 07-5937, 2008 U.S. Dist. LEXIS 89779, at *16 (D.N.J. Sept. 29, 2008) (finding that a cause of action under TILA accrues when loan papers are signed).  Therefore, Plaintiff's TILA cause of action arising out of the original loans accrued in 2001 when she signed her last promissory note.  Her additional claims under TILA regarding disclosures for the Easy Pay 3 Step Plan accrued in March 2003 and are also barred by the statute of limitations.  Even accepting as true Plaintiff's argument that her claim under TILA did not accrue until the receipt of repayment notices in May 2008, Plaintiff's TILA claim is still barred by the one-year statute of limitations.

Since Plaintiff acknowledges that the last possible triggering violation occurred in May 2008, she requests that the statute of limitations be equitably tolled.  The Third Circuit has held that equitable tolling is appropriate in the following circumstances: "(1)

---

[5]The applicable versions of this statute are those in effect at the times of the alleged conduct; namely, 1998-2001, May 2003, and May 2008.  Section 1640(e) remained unchanged during this time and provided for a one year statute of limitations from the occurrence of the violation.  Even if the current version did apply, Plaintiff's claim would still be untimely.  The current version includes an amendment applicable to private education loans whereby a complaint must be brought within one year of when the first regular payment of principal is due under the loan, which in this case was July 1, 2008. (Compl., Ex. E.)  Therefore, under the new version of the statute, the statute of limitations still would have expired on July 1, 2009.

where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Furthermore, a plaintiff seeking equitable tolling must "exercise reasonable diligence in investigating and bringing the claims." *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Plaintiff's only argument for equitable tolling is that, upon her receipt of the May 2008 Letter, she began "a lengthy exchange" with KHESLC regarding the loans. (Pl.'s Resp. to Def. Access Group's Mot. to Dismiss ¶ 12.) However, Plaintiff submitted exhibits with her complaint that show she contacted KHESLC as early as January 22, 2008, and again in April 2008. (Compl., Exs. F, F (mislabeled), G.) Plaintiff fails to identify any actions by Defendants to actively mislead Plaintiff regarding her claim, and if anything the correspondence provided shows that KHESLC attempted to clarify the Easy Pay 3 Step Plan terms before the May 2008 Letter. As Plaintiff has presented no basis for equitable tolling, Count One is time barred and dismissed.

### C.   **Breach of Contract**

In Counts Three and Four, Plaintiff brings two breach of contract claims. The first claim alleges that Defendants breached the terms of the loan agreement by failing to administer the "Original Repayment Terms" and forcing her to select a new repayment

8

plan for her loans after they became due in 2003. The second claim states that Defendants breached the new repayment plan Plaintiff selected by failing to institute certain payment schedules at the proper time and at the proper interest rate.

Plaintiff's first breach of contract claim fails because the new repayment plan was a valid contract modification. After receiving the March 2003 Letter, Plaintiff agreed to modify the original contract by electing an alternative repayment plan with five years of lower monthly payments than the Original Repayment Terms would have dictated. Plaintiff assented to the modification by selecting the new plan and continuing to make monthly payments in accordance with that plan for five years. Ohio, New Jersey, and New York all recognize Plaintiff's actions as a valid and binding modification of the original contract. *Citizens Fed. Bank, F.S.B. v. Brickler*, 683 N.E.2d 358, 361 (Ohio Ct. App. 1996); *DeAngelis v. Rose*, 727 A.2d 61, 70 (N.J. Super. Ct. App. Div. 1999); *GE Capital Commer. Auto. Fin. v. Spartan Motors, Ltd.,* 246 A.D.2d 41 (N.Y. App. Div. 1998).

The second breach of contract claim fails because Plaintiff does not identify an actual breach of the Easy Pay 3 Step Plan. To plead a breach of contract claim under Ohio, New York or New Jersey law, a plaintiff must allege: (1) the existence and terms of a contract; (2) the plaintiff's own performance; (3) the defendant's breach of the contract; and (4) damages or loss to the plaintiff. *Samadder v. DMF of Ohio, Inc.*, 798 N.E.2d 1141, 1147 (Ohio Ct. App. 2003); *Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir.

1996); *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002). Plaintiff alleges that Defendants breached the terms of the Easy Pay 3 Step Plan, which states that the borrower will "make interest only payments for two years, then three years of interest and partial principal, followed by equal payments of principal and interest for the remaining years." (Compl. ¶ 30.) However, Plaintiff is only claiming that Defendants calculated her reduced monthly payments in such a way that unpaid interest accumulated, not that any of the plan's binding terms were breached. The plan does not contain any specific terms regarding how the monthly payments are calculated; it instead provides only a general overview of how the required monthly payments will increase over time. Defendants followed the terms of the agreement by charging Plaintiff a lowered monthly payment for two years, then a slightly higher monthly payment for the next three years, and finally full monthly payments until the loan is repaid. Therefore, Plaintiff has failed to state a breach of contract claim because she does not allege facts showing that Defendants breached terms of the Easy Pay 3 Step Plan.

  **D.**  **New Jersey Consumer Fraud Act**

Count Five asserts a claim of fraud under the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1 *et. seq.*. In order for NJCFA to apply, New Jersey must have some qualitative connection to the allegation or to the parties. *D'Agostino v. Johnson & Johnson, Inc.*, 628 A.2d 305, 309 (N.J. 1993) (*citing Veazey v. Doremus*, 510 A.2d 1187, 1190 (N.J. 1986)). For example, the Third Circuit recently dismissed an

NJCFA claim in a case where the only connection to the state of New Jersey was the Defendant's corporate headquarters. *Cooper v. Samsung Electronics America, Inc.*, No. 08-4736, 2010 WL 1220946, at *4 (3d Cir. Mar. 30, 2010). Here, the alleged misrepresentations were neither made nor received in New Jersey, and Plaintiff's residency at all relevant times was in New York. (Compl., Exs. B, C, E, H.) Additionally, the loans were entered into in New York and Plaintiff used them to fund her law school education in New York. The only connection to New Jersey is Plaintiff's current residency within the state. While the NJCFA was certainly meant to provide broad protection of New Jersey consumers from fraudulent acts, Plaintiff was not a New Jersey resident at the time any of the allegedly fraudulent acts occurred. Since Plaintiff's claim fails to show enough of a connection to New Jersey for the NJCFA to apply, this count is dismissed.

      **E.    Conversion and Unjust Enrichment**

Plaintiff brings both a conversion and an unjust enrichment claim, alleging that Defendants (a) converted payments that should have gone towards the principal of the Loans into payments on unpaid interest, and (b) unjustly received additional interest due to the lack of payment on the principal.

Plaintiff fails to allege the elements necessary to prove conversion. Under Ohio, New York, and New Jersey law, a plaintiff must allege an unauthorized or wrongful interference with the plaintiff's possession of or ownership rights in the property. *See*

*Urbanek v. All State Home Mort. Co.*, 898 N.E.2d 1015, 1021 (Ohio Ct. App. 2008); *Mirvish v. Mott*, 901 N.Y.S.2d 603, 607 (N.Y. App. Div. 2010) ; *Barco Auto Leasing Corp. v. Hold*, 548 A.2d 1161 (N.J. Super. Ct. App. Div. 1988).  Plaintiff alleges that Defendants exercised "control over...excess interest payments," (Compl. ¶ 99), but this vague accusation regarding the way the Easy Pay 3 Step Plan was implemented does not establish a conversion claim.  Defendants did not interfere with or assert ownership control over Plaintiff's property.  Plaintiff made the monthly payments as required under the schedule she voluntarily agreed to, and Defendants applied these payments to the amount due on the Loans.  Plaintiff was free to make additional or larger payments towards the Loans at any time, which would have enabled her to reduce the amount of accumulating interest.  Plaintiff's confusion regarding exactly what portions of her loans were being paid down by her monthly payments does not amount to a claim of conversion.

Similarly, Plaintiff fails to allege the elements necessary to prove unjust enrichment.  She fails to specify any money belonging to her that Defendants retained unjustly, as required under Ohio law.[6]  *Dailey v. Craigmyle & Son Farms, LLC*, 894

---

[6]Under New Jersey and New York law, unjust enrichment is a quasi-contract claim that allows plaintiffs to recover, in the absence of a valid contract, where they have conferred a benefit on the defendant and it would be unjust to allow the defendant to retain the benefit in absence of remuneration.  *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994); *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 879 N.Y.S.2d 355, 361 (N.Y. App. Div. 2009).  Since this is an obligation imposed in equity only in the absence of an actual agreement between the parties, no unjust enrichment claim is available here under New York and New Jersey laws since the parties were bound by the loan agreements.  *See IDT Corp.*, 879 N.Y.S.2d at 361.

N.E.2d 1301, 1309 (Ohio Ct. App. 2008). Her complaints regarding the accumulation of unpaid interest, (Compl. ¶ 103), are not enough to support a claim of unjust enrichment. Like the conversion claim, Plaintiff's unjust enrichment claim stems from her disappointment upon realizing that her monthly payments had not been paying down the principal on her loan as she had assumed, not that Defendants retained these payments unjustly. As such, Plaintiff fails to allege any facts to support an unjust enrichment claim.

### F. Fraud and Conspiracy to Commit Fraud

In Counts Seven and Eight, Plaintiff asserts claims of fraud and civil conspiracy to commit fraud, which are subject to a heightened pleading standard. Under Fed. R. Civ. P. 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud." This standard requires that the plaintiff inject some precision or measure of substantiation into the fraud allegation. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). In order to state a claim of fraud, a plaintiff must allege: (1) a false representation; (2) made with the knowledge of its falsity; (3) with the intention that the other party rely on the representation; (4) reliance by the plaintiff; and (5) injury as a result of the reliance. *Johnson's Janitorial Serv. v. Alltel Corp.,* 635 N.E.2d 60, 62 (Ohio Ct. App. 1993); *see also New York City Transit Authority v. Morris J. Eisen, P.C.*, 715 N.Y.S.2d 232, 237 (N.Y. App. Div. 2000); *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997). Plaintiff's claims do not identify specific fraudulent acts but

13

instead point back to the repayment terms described in the original promissory notes for the Loans.  Plaintiff does not claim that she relied on false statements by the Defendants in entering into the loan agreements, or that she suffered injury as a result of this reliance.[7]  Instead, Plaintiff reiterates her claim that Defendants "implemented the Frozen Interest Rate Policy with the intention of causing Plaintiff to maintain a high principal balance." (Compl. ¶ 108.)  Plaintiff's objection to the formula used by Defendants to calculate her monthly payments does not identify a false representation made by Defendants that she relied on to her detriment.  Plaintiff does not allege that Defendants made false statements regarding the specific calculations of the monthly payments or misrepresented the balances of the Loans in her monthly statements.   Plaintiff has failed to plead claims of fraud or conspiracy to commit fraud with the specificity required under Fed. R. Civ. P. 9(b), and these claims are therefore dismissed.

### G.    Count Nine – Punitive Damages

Under Ohio, New York, and New Jersey laws, punitive damages are not available as a separate cause of action, and may only be awarded if compensatory damages are available.  *See Niskanen v. Giant Eagle, Inc.*, 912 N.E.2d 595, 599 (Ohio 2009); *Randi A.J. v. Long Island Surgi-Center*, 842 N.Y.S.2d 558, 564 (N.Y. App. Div. 2007); Punitive

---

[7] Plaintiff claims that she "suffered serious injury as the proximate result of her reliance on Defendants' intentional misrepresentations and failures to disclose." (Compl. ¶ 110.) However, she does not identify any specific misrepresentations or injuries.  Furthermore, if accumulated interest is the "serious injury" Plaintiff is referring to, this was caused by rising interest rates and Plaintiff's choice to make the minimum monthly payments each month, not by her reliance on any alleged misrepresentations.

Damages Act, N.J.S.A. § 2A:15-5.13(b).  Since Plaintiff has failed to plead any viable causes of action, punitive damages are not warranted in this case.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's claim is **DISMISSED WITH PREJUDICE**.  An Order accompanies this Opinion.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 22, 2010**