# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

October 7, 2010

Victoriya Blackhall
337 Old Short Hills Road
Short Hills, NJ 07078
(*Plaintiff Pro Se*)

Virginia A. Pallotto
Budd Larner, PC
150 John F. Kenney Parkway
Short Hills, NJ 07078-0999
(*Attorney for Defendant
Access Group, Inc.*)

Howard I. Mankoff
Victoria A. Cabalar
Marshall, Dennahey, Warner, Coleman &
Goggen, PC
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
(*Attorneys for Defendant The Kentucky
Higher Education Student Loan Corp.*)

Michael Clayton Falk
Reed Smith LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540-7839
(*Attorney for Defendant PNC Financial
Services Group, Inc.*)

    RE:    **Blackhall v. Access Group, et al.
              Civ. No. 10-508 (WJM)**

Dear Counsel:

      This matter comes before the Court on Plaintiff's motion for leave to file an amended complaint. Plaintiff filed this motion on September 20, 2010; however, it was not entered on the docket until September 22, 2010, the same day that the Court entered an opinion and order granting Defendants' motions to dismiss.

## I. DISCUSSION

Fed. R. Civ. P. 15(a)(1) permits a party to amend a pleading once as a matter of course within 21 days of serving the pleading or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (i), whichever is earlier."  Here, the first Rule 12(b)(6) motion was filed by Defendant Access Group, Inc. ("Access Group") on April 26, 2010 (Docket No. 8).  While later motions were filed under Rule 12(b)(6), "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative.  If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period."  Fed. R. Civ. P. 15(a) Advisory Committee's Note (2009).  The purpose of the 21-day period provided for in Rule 15(a)(1) is to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion."  *Id.*  Since both PNC Financial Services, Inc.'s ("PNC") motion (Docket No. 16) and The Kentucky Higher Education Student Loan Corporation's ("KHESLC") motion (Docket No. 29) refer back to and rely on the arguments raised in Access Group's Motion to Dismiss, the 21-day period began on April 26, 2010, and Plaintiff no longer has the right to amend her complaint as a matter of course.

When an amendment as a matter of course is not available, a party may still amend its pleading with the court's leave.  Fed. R. Civ. P. 15(a)(2).  While Federal Rule of Civil Procedure 15(a)(2) states that courts should "freely give leave [to amend] when justice so requires," futility is considered a sufficient ground to deny leave to amend.  *See In re Merck & Co. Sec., Derivative, & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007).  An amended complaint is considered futile when it would not withstand a motion to dismiss.  *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003).  Since the Court has already issued an opinion and order dismissing Plaintiff's original Complaint, the only question that remains is whether the proposed amendments would withstand the motions to dismiss that have already been granted.  The only additions in Plaintiff's Amended Complaint are references to the 2009 version of the Truth in Lending Act ("TILA"), and information meant to show the "ongoing and continuing nature of the allegations contained [in] the Complaint," likely for statute of limitations purposes.  (Pl.'s Mot. to Amend the Compl. ¶ 8.)  For the reasons stated below, these amendments are futile as the complaint still would not withstand a motion to dismiss.

First, as to the TILA claim, the Court has already ruled that the applicable version of TILA is the version that was in effect at the times of the alleged conduct; namely up until May 2008.  (Ct.'s Am. Op. at 7 n.5, Docket No. 33.)  The Court also noted that Plaintiff would still be time-barred under the 2009 version of 15 U.S.C. § 1640(e)

anyway, as her first "regular" payment of principal and interest was due July 1, 2008 at the latest. (*Id.*) Therefore, the amended references to the 2009 version of TILA would not withstand a motion to dismiss.

Second, the additional information regarding the quarterly notices Plaintiff received from Defendants during the final repayment period (2008-present) does not change the Court's analysis. The only claim dismissed as time-barred was Plaintiff's claim under TILA, which requires a claim to be brought within one year of the alleged violation. 15 U.S.C. § 1640(e); (Ct.'s Am. Op. at 7.) Regardless of the presence of these later notices, the alleged failures to disclose information required under TILA occurred either at the time the original loan documents were signed (1998-2001), or at the time Plaintiff agreed to a particular repayment plan (March 2003). At the latest, Plaintiff was made aware of any potential TILA violations by the time she received notice in May 2008 that she was entering the final stage of the repayment plan chosen in March 2003. The mere fact that Defendants continued to provide Plaintiff with quarterly notices alerting her of changes to her minimum monthly payment amount, which did not change the repayment plan itself, does not begin a new statute of limitations period. Therefore, Plaintiff's TILA claim as stated in the Amended Complaint is still time-barred.

Since Plaintiff's Amended Complaint will not withstand the motions to dismiss already filed by Defendants and granted by the Court, it is found to be futile.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint is **DENIED**. An Order follows this Letter Opinion.


       /s/ William J. Martini  
    **WILLIAM J. MARTINI, U.S.D.J.**